Good morning, Your Honors. May it please the Court, my name is Noree Abbott. I represent the appellants, Richard Diaz, etc., all in this matter. This matter is before you this morning for the following reason. The lower court improperly dismissed the appellant's complaint, the Second Amendment complaint, for the following two reasons. The first being that the breach of representation filed against Local Union 13 is a good claim. This is, there are several things that are hard for me to understand about the case just because of lack of familiarity with the way the union works. So I need your help. Sure. If I understand it correctly, there are two groups within the ambit of this union who have two different collective bargaining agreements, is that right? That portion is correct. They are all equal members of the hall, but there are two collective bargaining agreements, correct? When you say the hall, that's an important part of this, obviously, but technically as I understand it, it is the International Longshore and Warehouse Union, and then there is the Subdivisions are the International Longshore and Warehouse Union Local 13 Allied Division, which your clients were members of, and the International Longshore and Warehouse Union Local 13, is that correct? Partially. The Allied Division is part of Local 13. So when you say Local 13, they're included. Okay. But when you speak of the hall, is the hall operated, I'm going to call this the mother union for want of a better term. Okay. So you've got basically, is it two divisions of the mother union, is that what it is? And the hall is operated by the mother union? When I use the term the hall, the hall is Local 13. Okay. So that is... Okay. Well, the mother union, we'll call that Local 13. So from an organizational perspective, Local 13 is an entity, right? Yes. What kind of an entity is it? Is it a corporation? Is it a LLC? What is it? It's a labor union. Okay. But I mean... So Local 13 is considered, for all intents and purposes, it is a union that is a dues collecting business operating union. Okay. And is there something filed with the state or the federal government that organized that entity? I'm not sure of what their organization is with the state, but I'm sure of their structure as a unit. So I know that they operate within the state of California. I'm not sure what documents they would file or things like that. And the allied division, is that a separate entity or is it simply a name that's used for a certain number of people that are part of Local 13? It is definitely that. It's just a name used for a certain number of people. It's not a separate entity. And the Longshoremen Division, if you want to call it that, is the same thing, right? It refers to a certain group of workers as well. That's correct. And the union, the hall, the hiring hall is operated by whom? The hiring hall is operating by the leaders and they transfer as the elections happen, but they're operated by the leaders of Union Local 13. So it's the mother union, if you will, operates the hall. The hall. That is correct. So for our purpose... I'm not out of questions yet. Okay. I have a couple more there. Sure. The way I understood it, the district court granted a 12B6 motion to dismiss. It was not a Rule 56 motion for summary judgment. Is that correct? That is correct. And when I looked at your second amended complaint in my excerpts of record, it did not look as though the collective bargaining agreement was stapled to it as an exhibit and incorporated by reference in the complaint. Is that right? I don't believe that that assertion is correct. I must apologize. I did not argue this case in the lower court as far as the presentation of evidence there. But it is my understanding that the second amended complaint did include... Oh, did it? ...that portion of it. The only problem is, is that it didn't include an allegation for breach of collective bargaining agreement. The second amended complaint only was limited to breach of the duty of representation. That was the only... I thought it was breach of the duty of fair representation. Correct. And that was it. Now, let me tell you why I'm asking this. You'll be able to throw more light on it. I don't quite understand how the judge got to considering this Section 6 job rights if it wasn't in the complaint and it wasn't a Rule 56. I would think under a Rule 12B6, the judge would just be deciding on the complaint. And if this Section 6 wasn't in the complaint, there couldn't be a 12B6 determination that no cause of action was stated. It sounds to me as though you don't want the case to go off on that ground. It'll just go back and get decided the same way. So you don't really want us to decide that you win because the complaint, the allegations of the complaint did not provide the basis for the dismissal. Have I got this right? You do have that part correct. I definitely don't want you to decide on that basis. I want you to decide that there is sufficient facts for them to maintain the cause of action with the complaint and proceed with the litigation. Okay. Now let me ask about Section 6. No member employed within the jurisdiction of the division shall have any right to a job under any other collective bargaining agreement the local may be party to. Now if I understand it right, this whole case turns on whether employed means currently employed or employed means you've generally or in the past been employed. If it means currently employed, then as soon as your guys lose their general seniority in the local with the other division. Is that right? That is correct. And the other side says employed means that's the division where you used to work even though the employment has shut down in that division or been contracted. So now you go to the back of the line for seniority in the other division. Is that right? That is correct. I'm trying to find out if I understand the case. No, you're doing just fine. In addition to the second argument, however, even if they were given that interpretation, their interpretation that employed means if you were ever employed, the second part of Section 6 says we still have the discretion to transfer you. So even if you're employed, whether or not you consider employment ever employed or whether you're not, you consider employment I have been employed and now I'm unemployed, either way, the transfer can happen. Is there any extrinsic evidence that either side has asked us to look at to figure out what employed means? Not to my understanding. I think it's just left to the interpretation and that's our argument that that in and of itself could be read both ways. Can I just follow up on Judge Kleinfeld's question here? What are the requirements to, if you will, be a beneficiary of, participate in the hiring hall? What do you have to do in order to be eligible to participate in the hiring hall? It depends on where you are and as part of the allied division, what does an allied division union member have to do? What requirements must he or she meet to be able to participate in the hiring hall run by Local 13? Well, at the point in which they're part of the hall, you have to be a member in good standing, which is a dues-paying member. Of either division. Of the division to be part of Local Union 13. Okay. Now, again, I'm trying to understand these distinctions here because the pleadings suggest that only the longshoreman's division was entitled to be part of this hiring hall. You're saying that the allied division members had an equal right with the longshoreman to participate in the hiring hall. Is that correct? That is correct. And part of the reason why I think it's helpful to look at it from the stature of what happened was that the union, like most unions, will seek out workers to set with the allied division. They actually came out, they courted them, so to speak, to become a part of our union. By doing so, they gave them part of the constitutional protections of that union and said, you're entitled to all rights and privileges of any other brother of our union. Right. And did your clients, some of whom I know are here today, I can see that are here, did they meet whatever requirements existed to participate in the hiring hall? Yes, they did. They did. And what specifically are those other than being a member of the allied division in this case? You would have to have been in any way in a contractual agreement with someone that has been acquired by that union. So that's part of it. Okay. May I proceed? So with that, part of this is the whole... Excuse me, I think Judge Gould is raising a question. Counsel, I have a question for you. Yes. I don't really understand how on this record we can make determinations of fact as to what is intended by the agreement. So my problem right now is, it's seeming to me that all we can look at is the complaint. And if the complaint stated a claim, we should send it But then what the district court's going to do on a summary judgment motion, I don't see how we can prejudge that. I understand your question, I believe. Tell me, am I missing something? It seems to me that you're in part, were maybe on the the Constitution. And I'm not sure there's a record that lets us do that. No, from my standpoint, the issues of trying to explain was only for the benefit of the judges trying to give them the knowledge necessary. I think given what you have of the complaint and the facts stated along with what I've briefed, I think there is enough evidence there for them to maintain in action. So I think there's sufficient evidence here for them to have a claim, and that the claim should not have been dismissed with prejudice. I think they should have been given an opportunity to proceed with this claim, or at least, at the very worst, as I do as the second part, amend it to have another cause of action based upon these same facts. I just think that it should not have been thrown out entirely. That is my contention before you at this point. So what's going to have to happen may be that it goes back and then the district court construes the Constitution and bylaws? Under a district court level, that may have to happen. And at the lower court, they can do that once they actually are looking at the case on its merits. Over time, we burned it all up with questions. Pay attention to the other side's argument anyway, because we will give you one minute for rebuttal. Thank you very much, Your Honor. Good morning, Your Honors. May it please the Court, my name is John Kim. I represent International Longshore Warehouse Union Local 13. Am I right that the district court gave you a 12b-6 based on the district court's interpretation of the Constitution and bylaws? I believe it was based on that, but it was also, moreover, based on the type of relief that they're requesting. How could the district court base a decision on the Constitution and bylaws if the Constitution and bylaws are not part of the complaint? The Constitution and bylaws were attached to a declaration that were attached to our motion to dismiss. Well, that, instead of satisfying my concern, amplifies it. Because on a 12b-6, it's supposed to be a decision on the pleadings. And if you attach a declaration with exhibits to a motion, that would ordinarily be a motion for summary judgment. And I'm a little concerned we've got something that looks kind of ambiguous in the Constitution, and if it were frankly labeled as a motion for summary judgment, we might have some extrinsic evidence that helps decide whether there's a genuine issue of fact or not. I believe this, counsel, similar to Judge Kleinfeld's, is that there's precedent that says that if declarations are attached, you know, with a 12b-6 motion, that that converts it into a motion for summary judgment. And then if there are different factual issues, the other side should have an opportunity to respond, or if it's just ambiguous at whether there's a genuine issue of material fact. I believe that they did have a chance to respond at the district court. If you see, part of our record also includes a declaration from Richard Diaz, who is the lead appellant named in the case. But I think what the district court was more getting towards wasn't just the interpretation of the Constitution and bylaws, but more so that the type of relief that the appellants were asking for with respect to the Constitution and bylaws was illegal. I don't get it. We reviewed de novo, so we're not allowed to defer at all to what the district judge thought. And frankly, I don't get it. I look at that Section 6 job rights. These people are all in the union. They're all equal in the union, as far as I know. It says no member employed within the jurisdiction of one division has a right to a job under a collective bargaining agreement in another division. And it seems to me I can read it either of two ways. If you have a job, you're not entitled to jump from one division to the other, just because you'd like the job in the other division better. But if you don't have a job, then you're a full member of the union. The other way I could read it is if you've been working in one division, then you don't have a right to preserve your seniority in that division when you jump to the other one. It just looks to me like an ambiguity. What am I missing here? I think what you're missing is the final sentence in Section 6 of the bylaw, which says any such transfers are subject to the discretion of the unit needing additional work. I didn't miss it, but I never understood why that helped you. We have all kinds of decisions we review where district judges have discretion. It doesn't mean they can do whatever they want. There has to be a fair and reasonable exercise of discretion justified by what they say, and sometimes we reverse for abuse of discretion. I think if we get back to what you began with, with Appellant's oral argument, I think it would clear things up, which is that there are two separate divisions. There's the Longshore Division on the one hand and the Allied Division on the other hand. And the separateness of these two divisions is what is at the crux of this case. But do you agree, counsel, that as your co-counsel indicated, your opposing counsel rather, that all the union members in the Allied Division are equal members with the members of the Union? Is that accurate? It's accurate with respect to just being members of the Union, but it's inaccurate with respect to the differences between the two unions, which I want to get into. I understand. Before you get there, you're, of course, familiar with the Lucas case, and you know about the duty of fair representation to, in quotes, all applicants. Do you agree that on the face of this complaint, which is what both of my colleagues have referred to, we're looking at the face of the complaint, even though it's poorly drafted, frankly, it does, in fact, contain sufficient allegations to state a cause of action? And whether it'll prove up in a summary judgment situation or trials, another matter. But on its face, does not it state a cause of action? It does not, because their duty of fair representation is based on rights that they claim. They're in the Allied Division. They have their collective bargain agreement, and the Local 13's duty of fair representation is with respect to the collective bargain agreement that the Allied Division has with their separate employer, Savage Pacific Services. Not with all the union members? Not with the Pacific Maritime Association. I don't think that's right. Let me give you a hypothetical union. They go out and they solicit a lot of people to join the union, pay dues. People pay their dues, which are pretty substantial. And then when it comes time for them to get jobs, the union only gives people related to the union chiefs at good places on the list. Or it gives people who are the right kind of friends the good jobs, and everybody else gets the two-day jobs you have to travel for, and then you go to the bottom of the list. I thought a whole lot of the point of the duty of fair representation body of law was you can't do that. They pay the dues. You've got to take care of them. You've got to represent them. You can't just say, well, that was your collective bargaining agreement. That company's gone. Tough luck. Pay your dues. You get nothing. That is not what's happening here. And let me give you a different example that might illustrate it better. What we're talking about is not necessarily what's happening on the ground. That's more of an issue for the trial court. But on the face of the complaint, which is what we're dealing with here in a 12B6 motion, it states a cause of action, doesn't it? However poorly drafted. It does not state a cause of action because there is no duty of fair representation with respect to the jobs that these people want to get. The jobs that these people want to get are with the Pacific Maritime Association. They are not a party to that collective bargaining agreement. Doesn't the duty of fair representation council apply to all union members, all dues-paying union members? It only, this is the, these are the cases that we cited in our briefs. The Sepulveda versus Pacific Maritime Association case and the Cairo versus San Diego Symphony Orchestra, it only extends to your rights, the bargaining unit, with respect to the employer that you have a collective bargaining agreement with. So for a different hypothetical situation, the U.S. steel workers, they represent a lot of different industries. One local within the U.S. steel workers could represent people who work in a steel mill. They could also represent nurses at a hospital. What happened in this situation is if the hospital goes out of business, now these nurses are saying, I want to get a job in a steel mill because we're both under the same umbrella. If you look at the separation of the divisions, they have completely separate employers, they have completely separate collective bargaining agreements, they have different dues, they have different meetings, they have completely separate meetings. And I think we understand that, counsel. I guess my point is that those issues would be taken up either in a trial or on summary judgment. We're looking at the face of the complaint, and on the face of the complaint, perhaps because of its very inartfulness, it has to be liberally construed, but you look at the face of the complaint, and the union has a duty of fair representation generally to its members. Now you're probably going to be able to show in the trial court exactly what you're talking about, and in specific terms these folks may not have a remedy, but on its face, I'm trying to get you to explain to me why a cause of action has not been stated under Lucas. They plead their duty of fair representation based on the Constitution. Those of the union, those of the internal affairs of the union, it does not have – it doesn't even touch the duty of fair representation. The duty of fair representation is only representing  I thought the Second Amendment complaint really just referred to the duty of fair representation. That's the cause of action that they're tied to, though. That's the – In the complaint, or that's what you're interpreting it to be? In the complaint. They only allege a duty of fair representation. They never – they never allege a breach of contract. Under the Constitution? Under the Constitution, do they refer to the Constitution? They do refer to the Constitution, but the – but their interpretation of the Constitution is incorrect. We have – the duty of fair representation does not extend to the Constitution, and that's why – that's why there's no – that's why the 12B6 was granted. That's where I hang up. That's where I hang up, frankly. I know that most of the cases talk about the duty of fair representation with reference to the collective bargaining agreement because most of them arise out of the grievance process. The boss fires somebody. He's in the union. The union says, we're not going to represent you. We think you're a lousy employee, too. So he sues the boss and the union and says, the employer wrongfully terminated me and the union breached its duty of fair representation to me. In those cases, the whole decision is written in terms of the collective bargaining agreement. However, when the Supreme Court wrote Vaca v. Sipes back in the 60s, it said that the duty of fair representation was developed years ago in a series of cases alleging racial discrimination by unions, and under this doctrine of fair representation, the union's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. Now, in this case, the issue is not really whether the union fairly represented the plaintiff workers with respect to a particular collective bargaining agreement, but rather whether it had. Their beef is, our jobs ran out. You've got other jobs, but you won't give them to us. And I don't understand where your argument on the duty of fair representation narrows the doctrine enough to take them out of court. I can say, following up on Judge Kleinfeld, a reading from the Lucas case, it says, in defining the scope of the duty of fair representation, the court, referring to the Supreme Court, has held that it, in quotes, applies to all union activity, including its operation of an exclusive hiring hall. So again, given that standard, not tied to the Constitution, but what the Supreme Court says about labor law, again, I'm struggling with how you can say that a cause of action has not been stated. On the face of the complaint. If you'll allow me, there are two reasons why. The first reason is because if you look at these cases, if you look at the cases that we cited, and if you look at the standard that you pull out of these cases, in the context of the law, what they're saying is, this is only with respect to the collective bargaining agreement that they have with the unit. They don't say with the entire membership. They only say with this bargaining unit. The Allied division is a completely separate bargaining unit than the Longshore division. It's the same local, but it's a different bargaining unit. That sounds like a lawyer who takes on clients with conflicting interests, and he takes their money, but he dumps the one with a smaller case. It's not the same. It's their complete union takes the dues from both, and then tells the smaller group, tough luck. But the union only represents the bargaining unit's interest with respect to the bargaining unit's employer. That's not what Lucas says. Counsel, I have a question for you here, just focusing you on paragraph 26 of the second amended complaint. It says that the defendants didn't put the plaintiffs on the hiring hall list. So now, why isn't that an allegation of breach of the duty of fair representation under Lucas? The reason why is because they don't have, the Allied division people, the Allied division bargaining unit doesn't have any rights under the PCLCD, which is the contract that the Longshore division has. Now, if you'd let me explain, this is all very clear in the cases that we cited, the Sepulveda case, also the Bass case that says there's not a duty of fair representation, duties of fair representation only go to, only arise with respect to a bargaining unit and the employer, and not the internal affairs. They're not citing the collective bargaining agreement. They're only citing the Constitution. They have no rights, the appellants have no rights under the Pacific Coast Longshore contract document, which is the collective bargaining agreement between the Longshore division and the Longshore division and their employer, which the Allied division are not employed by. And if you'd allow me a chance to get to my second point on your question, Judge Kleinfeld. The second point is the only way they would have duty of fair representation rights under the PCLCD, which is the Longshore division's contract, is if they have, is if they're third-party beneficiaries of that collective bargaining agreement. And that's... I'm looking at paragraph 26 and it doesn't say any of this stuff. It says, defendants refuse to put each plaintiff on the hiring hall list inside of the normal order as casuals, longshoremen, or clerks, despite the longstanding practice. Upon information and belief, there were employer requirements for additional workers above and beyond the casual and longshoremen available during the 2001-2004 period. It seems to be saying nothing about the CBAs, the collective bargaining agreements. It just seems to be saying, we're members of the union, you wouldn't put us on a list. It's ignoring, what the statute says is the separation of the duty of fair representation that only applies to your bargaining unit and your collective bargaining agreement. You're talking about things that are below, if you will, the face of the complaint, which is what we deal with in 12b-6. You could get to that in a summary judgment situation, perhaps. But in a 12b-6 situation, you've got to look at the face of the complaint, see if it states a cause of action, liberally construed, and my concern is, I don't see the distinction here. Why this poorly drafted complaint, perhaps even by its lack of specificity, helps itself get around this hurdle. It's a very broad duty, the duty of fair representation, Local 13 is the mother union, it represents both these people. These folks have been paying dues, and I don't see the distinction at this stage with Lucas. You haven't told me anything different. You talked about these subparts and about how it actually works, which is a separate issue at a different point in the litigation. These people, these people are trying to, are pleading for rights that they don't have. And that's, I mean, that's the crux of the case, that they don't have them. They say they don't have them? Do they say they don't have them in the complaint? No, they, well, they claim that they have them via the Constitution. They don't even, they don't even cite the Collective Bargaining Agreement, the duty of fair representation arises out of the Collective Bargaining Agreement, but not out of the Constitution. 12B-6, so we have to take everything in the complaint as though it's true. And Lucas says it applies to all union activity, not just with respect to Collective Bargaining Agreements. If you look at Lucas in the context of the, of the, of the body of law that's out there, it's the same thing. If you look at Lucas out there with respect to the, with respect to the duty of fair representation, it will clear up that it only has to do with, the duty of fair representation only arises with respect to the bargaining unit and their employer, arises out of duties within the Collective Bargaining Agreement. We're way over time, incidentally, so unless my colleagues have more questions. I have another question I couldn't quite get in, so let me get counsel's view. If these employees had been, if these union members had been put on the hiring hall list, and they had been hired by PMA, would they then have, have rights under, under its bargaining agreement? That wouldn't be able to happen because that would be an unfair labor practice by the union, because they would be hiring these people and placing them in the Longshore Division, above and beyond non-members of the union. And that is the, that, I'm sorry, that, that's in the Phillips case that we cited and the Gatlin cases. It's illegal, doing that would be illegal. The complaint alleges that there were employer requirements above and beyond the casual and longshoremen available, so would it be illegal then? See, the problem I'm having is that a lot of the arguments that you're making, I think, may be absolutely correct, but that an orderly procedure would be that the district court would have viewed this as a summary judgment motion and made findings of fact. And then we could evaluate, based on findings of fact and conclusions of law, whether there was any genuine issue of material facts. And if there wasn't, your clients win. But if there is, then there needs to be a trial. I'm, I'm, I don't see how on a 12B6 motion the court could reach the conclusion that you just stated, that these, these union members couldn't be hired without it being an unfair labor practice. So that's the problem I'm having right now. I think if you have a response, you should state it, even though I've taken you over the time. Judge Kleinfeld's indulging me here. So, so what would be, what was, what exactly is your question then? Is what on the face of the complaint? Yeah. Is, you know, could the, could the judge reach the conclusion you asserted that to hire them in the hiring hall would be an unfair labor practice on the face of the complaint without making some finding of fact as to how many, you know, longshoremen were available for the jobs? Well, I don't think we even get to that point because the, because before you even get, get to a transfer, you would assume that these people had rights under the, the collective bargain agreement that the longshore, that the longshore division has with the PMA, which they don't. But they would if they were hired by the PMA. There are... Which you're saying wouldn't be, which you're saying couldn't happen because it could be an unfair labor practice, in which I'm questioning, how could one reach that conclusion without making findings that go beyond the complaint? I think that on the face of the complaint, well, two things. One, you don't get to that. First of all, if you look, just look at the Constitution, we still have, we're still granted discretion. Local 13 still granted discretion not to do that. They don't have to do that. And what they're alleging is that something bad happened here because we exercised our discretion. But second of all, I believe that you wouldn't get to that question either because those are still rights that come out of the PCLCD. I think I understand something that you've said now that I didn't understand before. Let me test it out with a simplified hypothetical case. Judge Gould's question brought it out for me. Let's suppose a union has members. It has one collective bargaining agreement with the General Contractors Association or something. One union, one collective bargaining agreement. The collective bargaining agreement only gives rights to people who are employed pursuant to the collective bargaining agreement. The union decides all whites go to the head of the line, all blacks go to the back of the line. If I understand your argument correctly, the blacks might have various civil rights complaints, whatever, but they would have no claim for breach of the duty of fair representation because they had no rights under the collective bargaining agreement, since rights under the collective bargaining agreement only attach to people who are employed pursuant to the collective bargaining agreement and the union sees to it that they never get jobs. Have I got the logic of your argument right? No, because in your example, you still have it. I took the example from that Supreme Court decision, you understand. In your example, the black employees are still a part of the bargaining unit. Even if they're not members of the union, they're a part of the bargaining unit because they're being employed by that employer. In this case, we have two separate employers. None of them have ever been employed by the association employer in my hypo. But you, if you've ever gotten, they've never gotten an hour's wages, because the union puts them at the back of the line, won't get them hired. But they're still a part of the bargaining unit because they're trying to get work at that, they're trying to get work there with that employer and they're members of that union. In this case, the duty of fair representation only arises out of the collective bargaining agreement the allied division has with Savage, which is Savage Pacific Services, which is their employer. Okay, I think I understand it now. Thank you, counsel. Thank you. We reserved a minute for you. Thank you, Your Honors. What I want to stress is that what has happened here is a further knowledge than could be seen from the face of the complaint. Looking squarely at the face of the complaint, you cannot get the 12B6 motion granted. The extensive argument into the interpretation of who's employed, who's not employed, the interpretation of where the collective bargaining agreement fits in, is all beyond the scope of what's on the face of the complaint. The face of the complaint, in whatever condition it happened to be filed in, even though not written as best as it could, still has enough information upon which to evade being dismissed on the 12B6 notion. What I'd further like to point out is that there is not the support given to say that it is squarely only looking at the collective bargaining agreement that we can get the duty of fair representation. It has been clearly stated that the duty of fair representation applies to all union activity, and by doing so, that supports and bolsters the claim that the words stated in the complaint do at least give enough facts to support a claim. In closing, I appreciate you indulging me the extent of the minute for the rebuttal. Thank you. Thank you, Counsel. Diaz v. International Longshorn Warehouse Union is submitted. United States v. Lara is submitted. United States v. Atkins is submitted. Thank you.
judges: Kleinfeld, Gould, Smtih